## WILSON & al. vs. HANSON & als.

A. by deed, assigned his property to B., C. and D. for the benefit of his credit-
ors. The debts due to *the assignees*, or either of them, were to be first paid.
*Held*, that by a reasonable construction of the assignment, a debt due to a
firm of which B. was a member, was entitled to the same preference as a
debt due to B. alone.

*Held*, also, that a debt due to W. C. & Co. was secured under a provision to pay
W. C. — the latter in fact having *no separate demand or claim*.

Parol evidence was not admitted to show, by the conversation of the parties at
the time of executing the instrument, what debts were intended to be se-
cured.

THIS was an action brought on the covenants in a deed of
assignment from one *Robinson,* of all his property, to *Asa Han-
son, John L. Megquier,* and *Peter W. Morrill,* the defendants,
for the benefit of his creditors.

The assignment provided for the payment in the first place, of
all debts due from *Robinson* to the assignees or either of them;
and secondly, to pay the debts due to *William Cobb* and several
others. And the principal question in the case was, whether a
debt due to *Peter W. Morrill* and *A. P. Knox,* who were *part-
ners,* was entitled to the same preference as a debt due to *Morrill*
alone — and whether a debt due to *William Cobb & Co.* fell
within the second class, there being in fact *no debt due to Cobb
alone.*

A question was also reserved, as to the admissibility of parol
evidence, to show what debts the parties intended should be em-
braced in the assignment. A verdict was returned for the de-
fendants, subject to the opinion of the whole Court upon the
foregoing questions.

*Daveis,* for the plaintiffs, contended that the debt due to *Mor-
rill and Knox* was not secured in the first class. The security
was to the *"assignees"* — *Knox* was not one of them, and so
was not secured.

That parol evidence should not be received, he cited 7 *T.
Rep.* 138; 3 *Stark. Ev.* 994 *to* 999; *Stackpole* v. *Arnold,* 11
*Mass.* 27; 2 *Caine's Rep.* 135; 1 *Taunt. Rep.* 117; *Morton*
v. *Chandler,* 7 *Greenl.* 44; *Haven* v. *Brown,* 7 *Greenl.* 421;
*Hale* v. *Jewell,* 7 *Greenl.* 435.

*Longfellow,* for the defendants.

WESTON C. J. — Parol or written testimony, other than the instrument of assignment, is admissible to show what debts are due, and under what circumstances, to those who are there provided for. But the meaning and true construction of the terms used in the assignment must be determined from what is there written. They cannot be waived, explained, or extended by parol testimony. The correctness of this rule is strongly illustrated, by the extraneous evidence received at the trial, subject to the opinion of the Court. The witnesses are not agreed as to what passed between the parties, or what intentions they expressed in regard to the subject under consideration. Upon this point, what they have written must remain as the best and only evidence of what has been agreed.

All sums due to the assignees, or either of them, were to be paid in the first class. *Peter W. Morrill* is one of them, and the case finds that there was a debt due from *Robinson*, the insolvent debtor, to him, and another to him and his partner *Knox*, and one of the questions submitted is, whether both these debts are to be considered as falling within the same class. Provision is next made to pay all debts due to certain other persons named in the assignment, of whom *William Cobb* is one. It appears that no debt was due to *William Cobb* alone, but that one was due to *William Cobb & Company.* And it is agreed, that if that debt is provided for in the second class, under the name of *William Cobb,* and the debt due to *Morrill and Knox* is to be placed upon the same footing with that due to *Morrill* alone, the plaintiffs have not maintained their action. A just construction requires that, effect should be given to every part of an instrument, subject only to be controlled and modified by a general view of the whole. When provision is made for *William Cobb,* it must be understood to have had some meaning. It is apparent, that in the contemplation of the parties there was some debt, upon which it was to operate. If we hold it inoperative, their intentions in this part of the instrument are defeated. This part of it can be satisfied only by the debt due to *William Cobb & Company,* which we are clearly of opinion it must have intended to embrace. If we can ascertain the meaning of parties, although there may be a want of precision and exactness in the terms in

which it is expressed, effect is to be given to it. It is manifest here, that they did not accurately distinguish between debts due to a firm from those due to the individuals of which it was composed. The same reasoning applies to the debt due to *Morrill and Knox*, although not with equal strength, because there was a debt due to *Morrill* alone. But we think, upon the whole, the same construction must be given to both. It is insisted that those only are entitled to be paid in the first class who are assignees, and that *Knox* is not assignee. It is not to be paid because due to him, but because it was due to *Morrill*, and all sums due to him are expressly provided for. The debt due to *Morrill and Knox* was as much due to *Morrill*, as the debt due to *Cobb & Co.* was due to *Cobb*, and that the parties intended to provide for this last debt, although *Cobb* alone is mentioned, cannot admit of question. As these debts, with others not in dispute, exhaust the fund, the defendants have nothing in their hands which can be claimed by the plaintiffs.

*Judgment on the verdict.*